UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TENNESSEE
                             AT KNOXVILLE

MARILYN POWELL COOK,                )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )    No. 3:12-CV-279
                                    )    (Phillips)
U.S. GOVERNMENT,                    )
IRS CRIMINAL INVESTIGATION, and     )
FAYE ALSTON COOK,                   )
                                    )
        Defendants.                 )


                            **MEMORANDUM OPINION**


        This *pro se* civil action arises from a criminal prosecution for fraud in which plaintiff plead guilty to eighteen counts of preparing and filing false and fraudulent federal income tax returns. *See United States v. Marilyn Powell Cook*, United States District Court for the Eastern District of Tennessee, Case No. 3:05-CR-7. In the instant case, plaintiff alleges that she was "falsely accused of filing false tax returns." Plaintiff asserts that the actions of defendant Faye Alston Cook, who plaintiff asserts worked for the IRS, along with Cook's "collages" [sic], caused the alleged harm for which she now seeks damages. Defendants U.S. Government and IRS Criminal Investigation move to dismiss this action for lack of subject matter jurisdiction and failure to state a claim. In support of the motion, defendants state that plaintiff has failed to exhaust her administrative remedies with respect to any claims she may allege that sound in tort, and as a result, pursuant to the Federal

Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-80, this court lacks jurisdiction over any such claims. With respect to the remaining claims in the complaint, defendants assert that plaintiff fails to state a claim as all such claims arise from the purported actions of a non-IRS employee, defendant Faye Alston Cook, and the "collages" [sic] of Cook.

Subject matter jurisdiction is an essential element of a plaintiff's case. When a defendant challenges subject matter jurisdiction, the burden of proving jurisdiction is on the plaintiff. *Davis v. United States,* 499 F.3d 590, 594 (6th Cir. 2007). If the plaintiff fails to meet her burden of proving jurisdiction, a motion to dismiss must be granted. *Id.* 29 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Therefore, no action may be instituted by a plaintiff until the administrative claim required has been exhausted, either by having the claim finally denied by the agency or by six months having expired since the time the claim was filed. The requirement of exhaustion of administrative remedies is a jurisdictional prerequisite to the filing of an action under the FTCA. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996). In her response to the defendants' motion to dismiss,

plaintiff states, "I agree with the Government. I will file administrative remedy procedures against the U.S. Government, IRS Criminal Investigation, and Stephayne Cook immediately. Furthermore, I will file a separate Complaint against Faye Alston Cook for Conspiracy against rights immediately." It appears from her response that plaintiff agrees with the defendants' assertion that the court lacks subject matter jurisufdiction over her complaint. Accordingly, the court finds the defendants' motion to dismiss the complaint [Doc. 11] well taken and it is **GRANTED**. This action is **DISMISSED** in its entirety.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge